PORT EVERGLADES TERMINAL COMPANY, a Florida Corporation v. I. C. WILLIAMS, *et al.,* as Port Commissioners of BROWARD COUNTY PORT DISTRICT, and constituting BROWARD COUNTY PORT AUTHORITY, etc., *et al.*

4 So. (2nd) 522
En Banc
Opinion Filed November 12, 1941

440

*Byrd & McCaughan, J. Henry Taylor,* and *Long & Freeman,* for Appellant;

*R. R. Saunders,* for Appellees.

BUFORD, J.—Appeal brings for review order dismissing amended bill of complaint without leave to amend. Respondents had filed answer incorporating motion to dismiss. The sufficiency of the answer was not ruled on and, therefore, the only question before us is whether or not the bill contains equity.

In short, the bill of complaint seeks injunction to prohibit the defendants, who operate a public warehouse and shipping facilities in interstate commerce, from enforcing against the complainant the provisions of two resolutions adopted by the defendants in their official capacity, the first of which was adopted on August 9th, 1940, and, *inter alia,* reads as follows:

"BE IT FURTHER RESOLVED that effective as of November 1, A. D. 1940, any arrangement, permit, license or authority, in writing, verbal, implied or otherwise, permitting any private individual firm, group or corporation to handle for profit any com-

modities placed in or passing through the Port Everglades warehouse, from any source, or to engage in any sort of warehousing business in the present warehouse owned by the Broward County Port Authority at Port Everglades, be and the same is cancelled and of no further force and effect, and the Port Manager is hereby directed to promptly notify all persons concerned by registered mail, with return receipt requested."

And the second of which was adopted October 4, 1940 and, *inter alia,* reads as follows:

"BE IT FURTHER RESOLVED that effective as of November 1,, A. D. 1940, any arrangement, permit, license or authority in writing, verbal, implied, or otherwise, permitting any private individual, firm, group or corporation to handle freight in the warehouse at Port Everglades, as defined herein, which are in conflict in any way with this resolution be, and the same are hereby cancelled and are of no further force and effect to the extent that they conflict with this resolution, and the Port Manager is hereby directed to promptly notify all persons concerned of the passage of this resolution and of its contents.

"Nothing herein contained shall be construed as prohibiting consignees of freight from accepting and delivering their own property to and from the warehouse at Port Everglades, Florida, at their own expense and by their own regular employees; and likewise, nothing herein contained shall be construed as prohibiting shippers of freight from delivering to and depositing their freight in the warehouse for subsequent removal to vessels at their own expense and by their own regular employees; and nothing herein contained shall be construed as prohibiting or affect-

ing in any way any present permits now existing at Port Everglades with reference to the handling of freight from the reach of ship's tackle on the wharves and/or docks at Port Everglades into the warehouse now at said Port."

The bill of complaint alleges that plaintiff had long held permits allowing him to do the things which the resolution prohibits and that such permits have become of great value to complaint and the bill alleges, *inter alia,*

"That on November 2nd, 1940, the defendants Broward County Port Authority notified this plaintiff that said defendants would, from that day, perform ex-stores and to-stores handling exclusively as provided in said resolution of October 4, 1940, which purports to cancel this Plaintiff's aforesaid permits, and that this plaintiff would henceforth be refused said privileges of performing ex-stores and to-stores handling which heretofore have been exercised by this plaintiff; that said Broward County Port Authority, at the time aforesaid, also demanded of this plaintiff that this plaintiff give orders to said defendant for the aforesaid handling of goods belonging to this plaintiff's customers which were stored in said warehouse.

"That in and by the provisions of said resolution of October 4, 1940, as hereinbefore set out, and by the aforesaid acts of the defendants, Broward County Port Authority, interfering with the performance of this plaintiff's duties under the aforesaid permit, this plaintiff is being unlawfully deprived of his legal rights under said permit as hereinabove described; and that said taking of this plaintiff's aforesaid rights to do business under said permit has been without

notice, without hearing, and without due process of law.

"That in and by the provisions of said resolution of October 4, 1940, as hereinabove set out, it is provided that nothing contained in said resolution shall be construed as prohibiting the consignees of freight from accepting or delivering their own property to and from the warehouse at Port Everglades, Florida, at their own expense and by their own regular employees; and said resolution further provides, as hereinbefore set forth, that nothing contained therein should be construed as prohibiting shippers of freight from delivering to, and depositing their freight in the warehouse for subsequent removal to vessels at their own expense and by their own regular employees; that said Broward County Port Authority by virtue of said resolution and by their said acts and demands of November 2, 1940, attempts to prevent this plaintiff, as agent aforesaid, for said owners of commodities stored in said warehouse, from handling said commodities ex-stores and to-stores from cars and trucks, although the privilege of so handling said commodities is granted unto the employees of said shippers under the terms of said resolution; that said resolution of October 4, 1940, and the aforesaid construction of same as to the said freight handling by regular employees of the owners of goods by permitting unlicensed freight handlers as employees of customers to do such handling and by construing said resolution in such a manner as to determine that this plaintiff is not such an employee of its customers, constitutes unlawful discrimination against this plaintiff and deprives this plaintiff of its equal rights and privileges before the law.

"That this plaintiff has contracted and agreed with each and every one of the aforesaid customers hereinbefore named and with other customers to handle their said freight; that said contracts and agreements were all made prior to the adoption of the said resolution; that this plaintiff is bound thereby to his said customers to perform the services of handling said freight; that in order for this plaintiff to comply with its said contracts and agreements with the said employers, it is necessary for him to be ready to render such services on each and every day; that any interruptions in the rendering of such service would cause great and unestimable damage to said plaintiff and to plaintiff's said customers; that the said Broward County Port Authority by its aforesaid resolution of October 4, 1940, and said acts interfering with the performance of this plaintiff's duties under the aforesaid permit, unlawfully attempts to prevent this plaintiff from complying with said contracts and agreements with its said customers as aforesaid, and constitutes an unlawful interference with this plaintiff's contract rights."

The complainant relies first on his alleged permit. If that permit was ever of any force and effect, it was a mere license and could be revoked by the Port Authority at any time.

Complainant alleges, however, sufficient averments which, if true, show that his rights as a member of the public are being unlawfully discriminated against in the attempt to enforce the provision of the resolution because, as he avers, he is prohibited from handling freight in the public warehouse as the agent of a number of consignees by whom he is employed to render that service while the regular employees of

other consignees may render like service for their employers.

This is the heart of plaintiff's equity. It appears from the allegations of the bill that plaintiff is to be discriminated against because of the terms of his contract with his employers and because of the volume of freight to be handled by him by reason of such employments. Certainly the plaintiff has the right to perform the same service in and about the public warehouse for and on behalf of his employers that any employee of any other consignee may do or perform for his employer.

The question of whether or not there is a real or an attempted discrimination against the rights of complainant is one to be determined upon issues duly made and presented.

Parts of the bill of complaint present no grounds for relief as above indicated and such parts may be stricken but the bill is not entirely without equity and, therefore, the order appealed from should be reversed and the cause remanded for further proceedings.

So ordered.

Reversed and remanded.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.